UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Inez Valentine, | ) |
| | ) CASE NO. 2:08 CV 977 |
| | ) |
| Plaintiff, | ) JUDGE SARGUS |
| | ) |
| vs. | ) MAGISTRATE JUDGE KING |
| | ) |
| Ohio Department of Rehabilitiation | ) |
| and Correction, *et al.* | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' unopposed Motion to Dismiss Plaintiff's Complaint. (Doc. 9).

I.

Plaintiff Inez Valentine, proceeding *pro se*, alleges employment discrimination based on race, adverse treatment and a hostile work environment, against defendants the Ohio Department of Rehabilitation and Correction ("ODRC") and Department of Administrative Services ("ODAS").

Valentine initially filed a complaint against ODRC on August 8, 2006 ("2006 complaint"). (*See* doc. 9, Ex. A, 2006 Complaint in *Valentine v. ODRC*, Case No. 2:06 cv 682). Valentine's 2006 complaint alleged that ODRC had acted in violation of Title VII and/or the ADA. At that time, Valentine alleged that she received a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on May 12, 2006, but she did not attach a copy of that letter to her complaint. Instead, Valentine attached the Charge she filed with the Ohio Civil Rights Commission and the EEOC, dated June 15, 2005, Charge No.

(COL)B71050405(32074)061505 (the "Charge"). (*See* doc. 9, Ex. A). On October 18, 2007, Valentine voluntarily dismissed her 2006 complaint, without prejudice. (*See* Case No. 2:06 cv 682, docs. 17, 18). One year later, on October 17, 2008, Valentine filed another complaint ("2008 complaint"), adding ODAS as a defendant. Valentine again alleges violations of her Title VII, ADA and/or O.R.C. Chapter 4112 rights, but does not provide a Right to Sue letter from the EEOC, or indicate that she received a Right to Sue letter. (*See* Complaint, doc. 4).

## II.

Defendants move to dismiss Plaintiff's 2008 complaint, contending that the action is barred by the 90-day statute of limitations for filing Title VII actions, and by the Eleventh Amendment to the U.S. Constitution. Plaintiff has not opposed the motion to dismiss.[1]

Under 42 U.S.C. § 2000e-5(f)(1), a complainant may file a civil action within 90 days after receiving notice from the EEOC that it will not take action with regard to the complainant's charge. These same administrative exhaustion and filing provisions apply to an ADA Title I action. *See* 42 U.S.C. § 12117(a).

In this case, there is no allegation that Plaintiff received a Right to Sue letter within the 90 days preceding her 2008 complaint. Even if she had received such a letter prior to filing her 2006 complaint, her voluntary dismissal of that suit does not toll the 90-day period, which expired in August, 2006. *See Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 ("[T]he filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of

---

[1] By Order dated January 15, 2009, the Court noted that Plaintiff had not responded to the December 4, 2008 Motion to Dismiss, granted Plaintiff until January 31, 2009, to file a response, and advised Plaintiff that "failure to respond to the motion may result in the grant of the motion." (Doc. 10).

2

Title VII. Because Wilson did not refile within the original ninety day period, the district court correctly dismissed her second complaint.") Accordingly, Plaintiff's federal claims are barred, and are hereby dismissed.

To the extent Plaintiff has asserted state law claims against the state agency defendants, the Court lacks supplemental jurisdiction over those claims in the absence of a viable federal cause of action.[2]

### III.

For the foregoing reasons, Defendants' Motion to Dismiss (doc. 9) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to dismiss this case.

**IT IS SO ORDERED.**

2-2-2009
DATE

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

---

[2]Defendants assert that the Eleventh Amendment bars any such claims against the State. The Court does not disagree, but finds it unnecessary to reach the constitutional issue in the absence of subject matter jurisdiction.

3